UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT DAVIS, | Case No. 13-CV-1024 (PJS/SER) |
| Petitioner, | |
| v. | ORDER |
| SCOTT FISHER, | |
| Respondent. | |

Petitioner Robert Davis is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. Davis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Davis alleges that the Bureau of Prisons ("BOP") incorrectly applied a Public Safety Factor ("PSF") to his record. Davis has requested a transfer to a minimum-security facility, but the BOP's application of the PSF has precluded such a transfer. Davis also alleges that the BOP violated his right to due process when it assigned the PSF. He therefore asks the Court to order the BOP to remove the PSF.

On May 30, 2013, Magistrate Judge Steven E. Rau dismissed Davis's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ECF No. 5. Judge Rau found that a prisoner such as Davis who challenges the conditions of his confinement — as opposed to the fact or duration of his confinement — must bring his challenge in a regular civil-rights action, rather than in a habeas petition.[1]

---

[1] Judge Rau also purported to grant Davis "leave" to file a civil complaint by June 14, 2013. It is not clear, though, why Davis would need leave of court to commence a new civil-rights action. Like anyone else, Davis can file an action in federal court at any time if he pays the proper filing fee and otherwise complies with the procedural rules.

Davis did not file a civil-rights action, however, undoubtedly because in order to file such an action, he would have to pay the full filing fee under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 101 Stat. 1321-66 (1996). Instead, Davis objected to Judge Rau's dismissal of his habeas petition. ECF No. 6. In his objection, Davis essentially argues that Judge Rau erred in finding that he was attempting to challenge the conditions of his confinement in a habeas action. The portion of Judge Rau's order that purports to dismiss Davis's habeas petition without prejudice will be treated as a Report and Recommendation and reviewed de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

As this Court has explained at length, "a prisoner who challenges the constitutionality of the conditions of his confinement — and who does not challenge the fact or duration of that confinement — must bring his challenge through a traditional civil-rights action . . . and not through a habeas petition." *Taylor v. Roal*, No. 10-CV-3588, 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010). Davis does not argue that he should not be confined at all (the fact of confinement), nor does Davis argue that he should be confined for fewer days than the BOP contends (the duration of confinement). Rather, Davis challenges the *location* of his confinement (the conditions of confinement). Specifically, Davis claims that the BOP incorrectly assigned a PSF and that, as a result, he is being confined in a low-security facility instead of a minimum-security facility. Davis may not pursue such a claim through a § 2241 petition; rather, if he wants to pursue such a claim, he will have to file a traditional civil-rights action. *See Carter v. Bledsoe*, No. 12-1423, 2013 WL 2382615, at *1 (3d Cir. May 31, 2013) (per curiam) (challenge of custody classification "not cognizable in a § 2241 petition"); *Stanko v. Quay*, 356 Fed. Appx. 208, 208-10 (10th Cir. 2009) (challenge to security designation was a

conditions-of-confinement claim that must be brought through a traditional civil-rights action, not a § 2241 petition).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Robert Davis [ECF No. 6] and ADOPTS Judge Rau's Report and Recommendation [ECF No. 5]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Davis's petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Davis's application to proceed without prepaying fees or costs [ECF No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2013

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge